# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

COREY SMITHERMAN, et al.,     )
           )
     Plaintiffs,       )
           )
v.           )     Case No.:  7:14-cv-01781-JHE
           )
IGUANA GRILL, INC.,      )
           )
     Defendant.      )

## MEMORANDUM OPINION[1]

Plaintiffs Cory Smitherman, Jose Rico, and nineteen other persons who have filed consents in this putative collective action (the "Plaintiffs") and Defendant Iguana Grill, Inc. have jointly requested approval of their settlement agreement, (doc. 60),[2] which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (*Id.*). For the reasons set forth below, the court approves the parties' settlement.

## I. Background Facts

On September 17, 2014, Smitherman and Rico filed this action on behalf of themselves and all similarly situated servers employed by Defendant, alleging they were deprived of a lawful minimum wage and overtime compensation for hours worked in violation of the FLSA. (Doc. 1).  Specifically, Plaintiffs contend (1) the tip pool in which they participated was invalid because non-tipped employees participated in it; (2) they were not paid minimum wage for hours

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 58).

[2] The parties previously filed a request for approval of their settlement agreement, (doc. 57), which required clarification on several points.  (*See* doc. 59).  The request currently before the Court supplements the parties' previous request in order to provide that clarification.

in which they performed non-tip-producing work; and (3) Defendant altered its time records to avoid paying servers minimum wage and overtime compensation. (*See id.*). Defendant answered the complaint, (doc. 7), and Plaintiffs moved for conditional collective action certification, (doc. 9). The undersigned entered a report and recommendation that the class be conditionally certified, (doc. 20), and, after review, District Judge L. Scott Coogler adopted and accepted that recommendation, (doc. 24). Nineteen additional plaintiffs have consented to join the class.[3] (Docs. 9-3, 9-4, 13, 27, 29, & 30). The parties have engaged in written discovery, mediation, and further settlement discussions following mediation, and reached a settlement on September 26, 2017. The terms of the settlement are contained in the parties' Supplemental Joint Notice of Settlement and Request for Approval (the "Agreement"). (Doc. 60 at 7-11, ¶¶ E 1-10; doc. 60-1). The undersigned has reviewed the Agreement.

Under the Agreement, Defendant has agreed to pay each plaintiff a specified amount to settle his or her FLSA claims regarding the tip pool, unpaid minimum wage for non-tip-producing work, and altered time records resulting in unpaid minimum wage and overtime. Three plaintiffs have agreed to compensation in the amount of $0.00. (Doc. 60-1). Six plaintiffs are to be compensated in an amount representing 50% of Defendant's non-liquidated liability under a three-year liability period. (Doc. 60 at 9, ¶ E 8a; doc. 60-1). Smitherman is to be compensated in an amount representing the average Defendant's last settlement offer and the three-year non-liquidated liability amount. (Doc. 60 at 10, ¶ E 8c; doc. 60-1). The remaining

-----

[3] Named plaintiff Corey Smitherman filed a consent, (doc. 28), but named plaintiff Jose Rico has not done so. According to the parties' Supplemental Joint Notice of Settlement and Request for Approval, the parties dispute whether Rico was required to consent given his status as a named plaintiff and whether his recovery would be affected by his failure to consent. (Doc. 60 at 5 n.1, 6-7 ¶ C 4 & 6).

twelve plaintiffs are to be compensated in an amount representing 80% of the average of Defendant's last settlement offer and the three-year non-liquidated liability amount. (Doc. 60 at 9-10, ¶ E 8b; doc. 60-1). Defendant has also agreed to pay the fees and costs charged by the mediator and $32,116.00 to plaintiffs' counsel in attorney's fees and costs. (Doc. 60 at 10-11, ¶¶ E 9, 10b-c). The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute. (Doc. 60 at 11-12, ¶¶ F 1-4).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA

provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The parties' dispute as to the merits of the case is legitimate. Specifically, Plaintiffs allege Defendant violated the FLSA by claiming a tip credit while requiring employees to contribute a portion of their tips to non-tipped employees, failing to pay them the minimum wage for periods of time in which they were not tipped, and altering its records to avoid paying them minimum wage and overtime; Defendant denies all of this. (Doc. 60 at 2, ¶¶ B 2-3). The parties additionally dispute the period for which Defendant would be liable for any alleged FLSA violations. (*Id.* at 6-7, ¶¶ C 1-6). The settlement, as described above, is appropriate for the disputed unpaid wages. The formulas used to reach the settlement amounts for each plaintiff reflect the parties' disputes as to the applicable liability period and, in the case of named Plaintiff Rico, the potential his claims are time-barred due to his failure to consent to class membership. (*Id.* at 7-10, ¶¶ E 1-8).[4] Plaintiffs' attorney's fee was negotiated after the parties agreed on formulas for each plaintiff's settlement amount. (Doc. 60 at 10, ¶ E 9). "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the

---

[4] The undersigned notes that the three plaintiffs who will receive $0.00 will do so because their claims are time-barred even under the liability scenario most favorable to plaintiffs. (Doc. 60 at 8 n.8). Under these circumstances, the $0.00 awards are reasonable with respect to those plaintiffs. *See, e.g., Monserrate v. Hartford Fire Ins. Co.*, No. 614CV149ORL37GJK, 2016 WL 8999672, at *5 n.10 (M.D. Fla. Sept. 22, 2016), *report and recommendation adopted,* No. 614CV149ORL37GJK, 2016 WL 5847123 (M.D. Fla. Oct. 6, 2016) (approving FLSA settlement including $0.00 settlement for one plaintiff when that plaintiff's claims were outside the statute of limitations).

plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, \*2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, \*5 (M.D. Fla. Aug. 4, 2009)). Because the parties represent the attorney's fee was separately negotiated, (doc. 60 at 10, ¶ E 9), the court concludes Plaintiffs' recoveries were not affected by the amount of the attorneys' fee. The court has considered the amount of the fee and finds it to be reasonable.

### III. Conclusion

The court finds plaintiffs' FLSA claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes. Therefore, the parties' Supplemental Joint Notice of Settlement and Request for Approval, (doc. 60), is **GRANTED**, and the settlement is **APPROVED**.  A separate order will be entered.

DONE this 29th day of September, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE